IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLENN E. MILLER, JR.,           :
                                :
        Plaintiff               :    CIVIL NO. 1:16-CV-01344
                                :
    vs.                         :
                                :
JANE DOE, et al.,               :    (Judge Rambo)
                                :
        Defendants              :

MEMORANDUM

Background

On July 30, 2016, Glenn E. Miller, Jr., an inmate confined at the York County Prison, York, Pennsylvania, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Miller's complaint is based on his claim that as a pretrial detainee he was provided with inadequate medical care in violation of his rights under the due process clause of the Fourteenth Amendment.[1]   Miller alleges that on

_____

1.  Because Miller alleges he was a pretrial detainee the issue of inadequate medical care must be analyzed under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979); Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005). However, penal institutions which house pretrial detainees have a legitimate governmental interest in
(continued...)

November 10, 2015, he was arrested apparently in York
County for fleeing and eluding a police officer and he
was subsequently transferred to the custody of the York
County Sheriff and ultimately confined at the York
County Prison. (Id. at 5-6.)  After being arrested he
claims that he informed the police he was on medications
for a heart condition, he had an implanted heart
pacemaker and the medication controlled his heart rate
so that the pacemaker would not shock him. (Id.)  The
police obtained the medication from Miller's vehicle and

---

1.  (...continued)
only providing medical care that is reasonably
necessary. See Boring v. Kozakiewicz, 833 F.2d at 473
("[T]he cost of detention justifies providing no more
than a reasonable level of medical care.") (citing Hamm
v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985)). The
standard under the Fourteenth Amendment encompasses the
Eighth Amendment deliberate indifference standard.
Keller v. County of Bucks, 2006 WL 3779749, at *3 (3d
Cir. Dec. 22, 2006)(claims by pretrial detainees have
parameters that are coextensive with those of the
Eighth Amendment's prohibition against cruel and
unusual punishment). Under Bell, Boring and Hubbard,
the due process inquiry is whether the alleged
inadequate medical care amounted to punishment prior to
an adjudication of guilt and the condition, objected to
by the pretrial detainee, must have no legitimate
governmental purpose. Bell, 441 U.S. at 538.  The
Eighth Amendment acts as a floor for the due process
inquiry and is the starting point of the analysis.
Montgomery v. Ray, 145 F. App'x 738, 740 (3d Cir.
2005).

then turned the medication over to the Sheriff's
Department. (Id.)  Miller then informed the Sheriff's
Department that he needed his medication but that
department subsequently failed to provide Miller with
it. (Id.) Miller claims that when he told personnel of
the Sheriff's Department that he needed his medication
to prevent the pacemaker from shocking him, the
personnel responded by stating they "don't care and
[that he would" get [his] medication at the jail." (Id.)
When Miller arrived at the prison he informed prison
personnel, including medical personnel, that he needed
his medications. (Id.)  However, his requests were
ignored, there was a several day delay in providing him
with his medications which resulted in the pacemaker
shocking him and causing him to suffer pain on several
occasions, and he was ultimately sent to a hospital for
treatment. (Id.)  Miller alleges that he exhausted his
administrative remedies through the prison grievance
system.[2]  (Id. at 2.)

---

2.  However, Miller's complaint which is typewritten
appears to indicate that the administrative process is
still ongoing. (Doc. 1, at 12.) In the complaint Miller
(continued...)

Miller names as defendants (1) two "Jane Doe"

nurses who had contact with him on November 11, 2015;

---

2. (...continued)
sets forth the verbatim response of the York County
Solicitor to his grievance.  That response according to
Miller was as follows:

> This inmate claims that when he was admitted to the
> York County Prison, he had a pacemaker and was
> required to take part (sic) medication to prevent
> the pacemaker from shocking his heart.  He claims
> despite repeated request (sic) to the medical
> section, he was not given medication that he
> required. Instead, the delay of providing him with
> essential medication resulted in his heart being
> shocked by the pacemaker.
>
> York County Prison and the medical section are not
> constitutionally permitted to ignore an inmates
> request for treatment of a serious medical
> condition. We consider the request for medication
> to avoid being shocked by an implanted pacemaker to
> be a request for treatment of the serious medical
> condition.
>
> We are returning this matter to the Deputy
> Warden of Treatment to determine whether or not
> appropriate policies or rules need to be
> promulgated to avoid this kind of situation in the
> future.  We also request the Deputy Warden of
> Treatment to determine whether or not the inmate
> request for damages for pain and suffering is
> appropriate.
>
> Appeal Provisionally Denied

(Id.)

4

(2) an RN by the name of Dennis[3] who had contact with him on November 12, 2015; (3) a "John Doe" physician apparently employed at the prison who had contact with him on November 12, 2015; (4) a "John Doe/Jane Doe" medical supervisor employed by Prime Care, Inc., who was on duty at the prison on November 11, 2015; (5) Prime Care, Inc., a company which operates the medical department at York County Prisons; (6) the York County Sheriff's Department; (7) Clair Doll, Deputy Warden for Treatment at the York County Prison; and (8) Donald L. Reihart, the solicitor for the York County Prison Board. (Id. at 1). Miller requests injunctive relief and monetary damages. (Id. at 13-14.)

Along with the complaint, Miller filed an authorization to have funds deducted from his prison trust fund account to have the filing fee paid in installments and a motion to proceed in forma pauperis. (Docs. 2, 3.)

---

3. The court cannot discern if this is the defendants surname or given name.  Miller alleges that Dennis works at the York County Prison for Prime Care, Inc.

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[4]

For the reasons outlined below, Miller's motion for leave to proceed in forma pauperis will be construed under the PLRA as a motion to proceed without full prepayment of the filing fee and granted, and Miller's complaint will be dismissed for failure to state a claim upon which relief can be granted with leave to file an

---

4. Section 1915(e)(2) provides:

   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

amended complaint other than with respect to Defendants
York County Sheriff's Department.

## Discussion

The Supreme Court has recognized that "a finding
of factual frivolousness is appropriate when the facts
alleged rise to the level of the irrational or the
wholly incredible . . . ." Denton v. Hernandez, 504
U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194
(baseless factual contentions describe scenarios clearly
removed from reality).  The Third Circuit added that
"the plain meaning of 'frivolous' authorizes the
dismissal of in forma pauperis claims that . . . are of
little or no weight, value, or importance, not worthy of
serious consideration, or trivial." Deutsch v. United
States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has
been determined that "the frivolousness determination is
a discretionary one," and trial courts "are in the best
position" to determine when an indigent litigant's
complaint is appropriate for summary dismissal. Denton,
504 U.S. at 33.

Even though a complaint is not frivolous it
still may be dismissed under the screening provision of
the PLRA if it fails to state a claim upon which relief
may be granted.  Fed.R.Civ.P. 12(b)(6) is the basis for
this type of dismissal.  Under Rule 12(b)(6), we must
"accept all factual allegations as true, construe the
complaint in the light most favorable to the plaintiff,
and determine whether, under any reasonable reading of
the complaint, the plaintiff may be entitled to relief."
Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d
Cir.2009)(quoting Phillips v. County of Allegheny, 515
F.3d 224, 231 (3d Cir.2008)). While a complaint need
only contain "a short and plain statement of the claim,"
Fed.R.Civ.P. 8(a)(2), and detailed factual allegations
are not required, Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929
(2007), a complaint must plead "enough facts to state a
claim to relief that is plausible on its face."  Id. at
570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d
929.  "The plausibility standard is not akin to a
'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted
unlawfully." Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct.
1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550
U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and
conclusions" are not enough, Twombly, 550 U.S. at 555,
127 S.Ct. at 1964-65, and a court  "'is not bound to
accept as true a legal conclusion couched as a factual
allegation.'" Id., 127 S.Ct. at 1965 (quoted case
omitted).

In resolving the issue of whether a complaint
states a viable claim, we thus "conduct a two-part
analysis." Fowler, supra, 578 F.3d at 210. First, we
separate the factual elements from the legal elements
and disregard the legal conclusions. Id. at 210-11.
Second, we "determine whether the facts alleged in the
complaint are sufficient to show that the plaintiff has
a "'plausible claim for relief.'" Id. at 211 (quoted
case omitted).

A plaintiff, in order to state a viable § 1983
claim, must plead two essential elements:  1) that the
conduct complained of was committed by a person acting
under color of state law, and 2) that said conduct

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-581 (2003);  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Moreover, in addressing whether a viable claim has been stated against a defendant the court must assess whether Plaintiff has sufficiently alleged personal involvement of the defendant in the act which he claims violated his rights.  Liability may not be imposed under § 1983 on the traditional standards of respondeat superior.  Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1017, 1082 (3d Cir. 1976)).  In Capone, the court noted "that supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct."  868 F.2d at 106 n.7.

There are only two avenues for supervisory liability. First, as mentioned above if the supervisor

knew of, participated in or acquiesced in the harmful
conduct, and second, if a supervisor established and
maintained a policy, custom or practice which directly
caused the constitutional harm. Id.; Santiago v.
Warminster Township, 629 F.3d 121, 129 (3d Cir. 2010); ;
A.M. ex rel. J.M.K. v. Luzerne County Juvenile Center,
372 F.3d 572, 586 (3d Cir. 2004).  However, with respect
to the second avenue of liability conclusory, vague and
speculative allegation of custom, policy or practice are
insufficient under Twombly and Iqbal. Id.

        First, because a Sheriff's Department is not an
entity subject to suit under 42 U.S.C. § 1983 the claims
against it will be dismissed without further leave to
file an amended complaint. See Gresh v. Huntingdon
County, No. 1:15-CV-1466, 2016 WL 1162320, at *4
(M.D.Pa. Mar. 24, 2016) and cases cited therein.

Second, Prime Care, Inc., cannot be liable on the basis of respondeat superior. Stankowski v. Farley, 251 F. App'x. 743, 748 (3d Cir. Oct. 24, 2007)("The District Court properly determined that Prime Medical is not liable for constitutional violations committed by its employees, unless Prime Medical has adopted a policy, practice or custom that caused the constitutional violations alleged."). Miller has not alleged any policy, custom or practice which caused the constitutional violations alleged. Consequently, the complaint as it relates to Prime Care, Inc., will be dismissed.  However, Miller will be given an opportunity to file an amended complaint with respect to Prime Care, Inc.

Third, with respect to Defendants Doll and Reihart, the court discerns no allegations in the complaint that they were involved in any conduct which violated Miller's constitutional rights. There only involvement was with respect to the handling of Miller's grievances.  Such involvement is insufficient as a

12

matter of law to render those defendants liable. .
"[T]he failure of a prison official to act favorably on
an inmate's grievance is not itself a constitutional
violation." <u>Rauso v. Vaughn</u>, Civil No. 96-6977, 2000 WL
873285, at *16 (E.D.Pa., June 26, 2000). <u>See</u> <u>also</u>
<u>Overholt v. Unibase Data Entry, Inc.</u>, 221 F.3d 1335
(Table), 2000 WL 799760, at *3 (6th Cir.2000) ("The
defendants were not obligated to 'properly' respond to
Overholt's grievances because there is no inherent
constitutional right to an effective prison grievance
procedure. Hence, his allegations that the defendants
did not properly respond to his grievances simply do not
rise to the level of a constitutional violation.")
(citations omitted); <u>Mitchell v. Keane</u>, 974 F.Supp. 332,
343 (S.D.N.Y.1997) ("it appears from the submissions
before the court that Mitchell filed grievances, had
them referred to a prison official, and received a
letter reporting that there was no evidence to
substantiate his complaints. Mitchell's dissatisfaction
with this response does not constitute a cause of

13

action."); Caldwell v. Beard, Civil No. 2:07-CV-727, 2008 WL 2887810, at *4 (W.D.Pa. July 23, 2008) ("Such a premise for liability [i.e., for performing a role in the grievance process] fails as a matter of law."), aff'd,--- F. App'x ----, 2009 WL 1111545 (3d Cir. April 27, 2009); Caldwell v. Hall, Civil No. 97-8069, 2000 WL 343229, at *2 (E.D.Pa. March 31, 2000) ("The failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation."); Orrs v. Comings, Civil No. 92-6442, 1993 WL 418361, at *2 (E.D.Pa. Oct.13, 1993) ("But an allegation that a defendant failed to act on a grievance or complaint does not state a Section 1983 claim."); Jefferson v. Wolfe, Civil No. 04-44, 2006 WL 1947721, at *17 (W.D. Pa. July 11, 2006) ("These allegations [of denying grievances or grievance appeals] are insufficient to establish such Defendants' personal involvement in the challenged conduct under Section 1983. See Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa..[sic] 1997) (concurrence in an administrative appeal process is not sufficient to

14

establish personal involvement)"). Consequently, Miller's claims against Doll and Reihart are not viable and the complaint as it relates to them will be dismissed with leave to file an amended complaint.

Fourth, as for the "John and Jane Doe" defendants it is well-settled that the use of John/Jane Doe defendants absent compelling reasons will not suffice and the district court may dismiss such defendants if plaintiff, after being granted a reasonable period of discovery, fails to identify the defendants. <u>Sheetz v. Morning Call</u>, 130 F.R.D. 34 (E.D. Pa. 1990). The alleged wrongdoing of the "John and Jane Doe" defendants occurred in November, 2015, and Miller has been incarcerated at that facility since that time. The court cannot conceive of any reason why Miller is unable to identify the nurses and physicians who worked at York County Prison and treated him. Miller has had ample opportunity to attempt to identify the nurses and physician who treated him at York County Prison prior to filing the present complaint. However, the court will

grant Miller an opportunity to amend his complaint to identify the "John and Jane Doe" defendants.

Finally, as for Registered Nurse Dennis, it is unclear as to whether Miller has correctly identified that Defendant.  Consequently, the court will grant Miller an opportunity to amend the complaint to set forth the full name of that defendant.

For the reasons set forth above, the instant complaint will be dismissed, without prejudice, for failure to state a claim upon which relief can be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). Although the complaint as filed fails to state a cause of action against the defendants, it is possible that the deficiencies may be remedies by amendment. Consequently, Miller will be granted such opportunity with respect to all of the defendants except the Sheriff's Department.  Miller is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended

16

complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If Miller fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

Miller has also filed a motion for the production of his medical records maintained by Prime Care, Inc., York County Prison, and York Hospital. (Doc. 8.)   In the motion there is no indication that Miller has made any attempt to request his medical records from those medical providers or offer to pay the fees associated with obtaining those records. Furthermore, at this juncture where the complaint filed by Miller fails to state a claim upon which relief can be granted and where no defendants have been served with the complaint, the court has no authority to grant such a motion.[5]

_____

5.  The Federal Rules of Civil Procedure relating to discovery are mainly directed at parties to an action. Two if the entities  referred to by Miller are not parties to this action.  Although there are discovery rules relating to non-parties which set forth procedures for obtaining information from non-parties,
(continued...)

Also, pending before the court are two motions by Miller for appointment of counsel (Docs. 4, 9.) Although prisoners have no constitutional or statutory rights to appointment of counsel in civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e). Tabron v. Grace, 6 F.3d 147, 153 155-57 (3d Cir. 1993)(setting forth a non-exhaustive list of factors to be considered in ruling on a motion for appointment of counsel, including the merits of the claims and the difficulty of the legal issues), cert. denied, 114 S.Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example,

---

5.  (...continued)
e.g. Rule 31, those procedures are only applicable after service of a complaint. See, e.g., Rule 31(a)(3) ("A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address.").

from his probable inability without such assistance to
present the facts and legal issues to the court in a
complex but arguably meritorious case." Smith-Bey v.
Petsock, 741 F.2d 22, 26 (3d Cir. 1984). But no part of
the discussion in Smith-Bey of circumstances warranting
appointment of counsel should be interpreted to mean
that "appointment is permissible only in exceptional
circumstances and that, in the absence of such
circumstances, the court has no discretion to appoint
counsel." Tabron, 6 F.3d at 155.

Miller fails to set forth sufficient special
circumstances warranting appointment of counsel. As an
initial matter, Miller has not identified several of the
defendants and his complaint lacks arguable merit, i.e.,
fails to state a claim upon which relief can be granted
with respect to others. Tabron, supra, at 155-56.
Moreover, the legal and factual issues are relatively
uncomplicated, and the court can not say, at least at
this point, that Miller will suffer substantial
prejudice if he is forced to prosecute this case on his

own.  Furthermore, this court's duty to construe <u>pro</u> <u>se</u>

pleadings liberally, <u>Haines v. Kerner</u>, 404 U.S. 519

(1972), coupled with Miller's apparent ability to

litigate this action, militate against the appointment

of counsel.  Hence, the court will deny Miller's motions

for appointment of counsel.  In the event, however, that

future proceedings demonstrate the need for counsel, the

matter may be reconsidered either sua sponte or upon

motion of petitioner.

     An appropriate order will be entered.


     <u>s/Sylvia Rambo</u>
     SYLVIA H. RAMBO
     United States District Judge


Dated: November 17, 2016